☑ Original    ❑ 



CLERK'S OFFICE
A TRUE COPY
Feb 05, 2024
S. DDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) |
| Records and Information associated with the cellular device assigned call number (262) 765-4310. (See Attachments) | ) |

Case No. **24-M-316 (SCD)**

**Matter No.: 2018R00377**

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See attachment A. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A).

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before    2-19-24          *(not to exceed 14 days)*
❑ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    Hon. Stephen C. Dries   .
                                           *(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❑ for \_\_\_\_\_ days *(not to exceed 30)*    ☑ until, the facts justifying, the later specific date of   **4/5/24**     .

Date and time issued:    2-5-24. 2:30 pm                 *Stephen C. Dries*
                                                     *Judge's signature*

City and state:    Milwaukee, Wi             Hon. Stephen C. Dries, U.S. Magistrate Judge
                                                     *Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

| Inventory made in the presence of : |
|---|

| Inventory of the property taken and name(s) of any person(s) seized: |
|---|
| |

**Certification**

       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

1. Records and information associated with the cellular device assigned **call number 262-765-4310** (referred to herein and in Attachment B as "the Target Cell Phone"), with listed subscriber(s) **"UNKNOWN TRACFONE"** that is in the custody or control of Verizon(referred to herein and in Attachment B as the "Provider"), a wireless communications service provider that is headquartered at Bedminster, NJ.

2. The Target Cell Phone.

**ATTACHMENT B**

**Particular Things to be Seized**

**I.      Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

    a. The following subscriber and historical information about the customers or subscribers associated with the Target Cell Phone for the time period **January 1, 2023, to present date.**

         i. Names (including subscriber names, user names, and screen names);

        ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

       iii. Local and long distance telephone connection records;

       iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v. Length of service (including start date) and types of service utilized;

       vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

       vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

      viii. Means and source of payment for such service (including any credit card or bank account number) and billing records**[. OR**; and**]**

ix. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Target Cell Phone, including:

(A) the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

(ii) information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received) as well as per-call measurement data (also known as "real-time tool" or "RTT").

b. Information associated with each communication to and from the Target Cell Phone for a period of **30 days** from the date of this warrant, including:

i. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

ii. Source and destination telephone numbers;

iii. Date, time, and duration of communication; and

iv. All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the Target Cell Phone will connect at the beginning and end of each communication as well as per-call measurement data (also known as "real-time tool" or "RTT").

The Court has also issued an order pursuant to 18 U.S.C. § 3123, dated today, for such information associated with the Target Cell Phone.

c. Information about the location of the Target Cell Phone for a period of **30 days** during all times of day and night. "Information about the location of the Subject Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information.

i. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services,

including by initiating a signal to determine the location of the Target Cell Phone on the Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for reasonable expenses incurred in furnishing such facilities or assistance.

ii. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II.    Information to be Seized by the Government

All information described above in Section I that constitutes [evidence, fruits, contraband, and instrumentalities] of violations of 18 U.S.C. § 1512 involving Victor COBIAN and Cristina COLE January 1, 2023 to present date.



# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) Case No. <span style="color:blue">24-M-316 (SCD)</span> |
| | ) **Matter No.: 2018R00377** |
| Records and Information associated with the cellular device assigned call number (262) 765-4310. (See Attachments) | ) |
| | ) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See attachment A. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A).

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

❑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

❑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18:922(a)(1)(A); 922(d), 18: 544, 18:922(a)(1); 18:924(b); 18:922:(a)(9) and 924(h) & (g) | Engaging in a firearms business without a license; transferring a firearm to a prohibited person; smuggling good from the United States; false statement to a material fact to FFL; interstate/foreign shipment for felony purpose; etc. |

The application is based on these facts:

See attached affidavit

❑ Continued on the attached sheet.

❑ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

RICHARD CONNORS  Digitally signed by RICHARD CONNORS Date: 2024.02.05 10:37:09 -05'00'

*Applicant's signature*

SA Richard E. Connors, III ATF

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____telephone_____ *(specify reliable electronic means).*

Date: **2-5-24**

*Judge's signature*

City and state: *Milwaukee, Wi*

Hon. Stephen C. Dries, U.S. Magistrate Judge

*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT
## Matter No.: 2018R00377

I, Richard Connors, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.     I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number **262-765-4310** (hereinafter referred to as the Target Cell Phone), whose service provider is Verizon a wireless telephone service provider headquartered at Bedminster, New Jersey. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.     Because this warrant application seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), I also make this affidavit in support of an application by the United States of America for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the Target Cell Phone .

3.     I am employed as a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") assigned to the Milwaukee Field Office since October of 2015. I have been employed as a full-time law enforcement officer for approximately eight years. I have received training at the Federal Law Enforcement Training Center in Glynco, GA. I attended the Criminal Investigator Training Program, as well as ATF's

2

Special Agent Training Program. I have received training in the investigation of unlawful possession of firearms, the unlawful transfer of firearms, and the unlawful dealing in firearms without a dealers' license. Prior to becoming a Special Agent with the ATF, I received two (2) bachelor's degrees from Northern Illinois University in the fields of Sociology and International Relations. I have received a master's degree from Northern Illinois University in the field of American Government.

4.     I have participated in multiple firearm and drug trafficking investigations that involved the seizure of computers, cellular phones, cameras, and other digital storage devices, and the subsequent analysis of electronic data stored within these computers, cellular phones, cameras, and other digital storage devices.  On many occasions, this electronic data has provided evidence of the crimes being investigated and corroborated information already known or suspected by law enforcement.

5.     I have participated in investigations that involve the reliance on cell phone technology to locate subjects, residences, and other locations that may provide value to a given investigation.

6.     The facts in this affidavit come from my personal observations, my training and experience, my review of documents, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause for the requested warrant and does not set forth all my knowledge about this matter.

7.     Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18 United States Code section 1512 have been committed, are being committed, and will be committed by Victor Cobian and unknown persons. There is also probable cause to believe that the location information described in Attachment B will lead to the identification of individuals who are engaged in the commission of these offenses.

8.      The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

### BACKGROUND

9.      Mexican law enforcement agents have been conducting an investigation into the Jalisco New Generation Cartel (CJNG). Based on information shared between federal law enforcement agencies, it is known that this cartel participates in drug trafficking, firearms trafficking, and extreme acts of violence. In June 2018, Mexican law enforcement agents searched a residence in Guadalajara, Mexico, that was linked to the CJNG. During the search, agents recovered thirty-six firearms, thousands of rounds of ammunition, marijuana, scales, and communication radios. One of the firearms recovered was a Barrett .50 caliber rifle with serial number AA006824 (Barrett AA006824) that was purchased in the Eastern District of Wisconsin.

10.     ATF ultimately discovered a conspiracy between multiple individuals in the Eastern District of Wisconsin and elsewhere with the primary to purchase firearms in the United States, smuggle the firearms to Mexico, and supply the firearms to the CJNG, a transnational criminal organization.

11.     To achieve the purpose of the conspiracy, the conspirators found firearms using online gun brokers, purchased firearms, falsely represented themselves as the actual buyers of the firearms, acquired the firearms from licensed firearms dealers, transported the firearms to California, removed the serial numbers from firearms, smuggled the firearms from the United States to Mexico, and transferred the firearms to associates of the CJNG.

12.     On November 2, 2021, the United States Attorney's Office—Eastern District of Wisconsin filed an indictment connected to this firearm conspiracy. *United States v. Victor Cobian et al*, 21-CR-223 (BHD). The indictment includes twenty-five criminal charges connected to firearms trafficking and smuggling, and has eight defendants, including Victor Cobian and Cristina Cole. The case is set for trial on May 6, 2024.

## WITNESS TAMPERING

13.     The United States, including ATF is conducting a criminal investigation of Victor Cobian and Cristina Cole and unidentified subjects regarding possible violations of 18 U.S.C. § 1512 (Witness Tampering).

14.     On August 9, 2023, Angelica Cobian, the daughter of Cristina Cole and the niece of Victor Cobian, contacted ATF to make a complaint against Victor Cobian. Angelica was upset with Cristina Cole and Victor Cobian for putting their family in danger. Angelica explained that on or about July 26, 2023, Victor Cobian told her that she be a "dead motherfucker" if she talked to the ATF or the police. Angelica explained that Victor could carry out threats of violence.

15.     Angelica also explained that on or about August 5, 2023, her mother, Cristina Cole, told her that she had purchased a SCAR rifle for Victor Cobian. Cole told Angelica that she knew it was illegal to purchase the rifle for Victor. Cole also bragged about having weapons that "can take down armies." Angelica told her Cole that she was going to inform ATF, and Cole responded, "You are dead to me." Angelica's statements about Cole's firearms purchases are corroborated by information previously known by ATF.

16.     Angelica went on to further explain the firearms trafficking conspiracy, including locations in Mexico and nicknames of conspirators, which were also corroborated by information previously known by ATF. ATF set up the interview via the **Target Cell Phone** provided by Angelica Cobian.

17.     On January 23, 2024, in preparation for trial, ATF contacted Angelica via the **Target Cell Phone** to meet with agents and prosecutors to discuss her safety because the report of her statement was going to be released to defendants *Victor Cobian et al*, 2-CR-223, including Victor Cobian and Cristina Cole. Angelica agreed to meet on Friday, January 26, 2024, but she expressed concern about her family discovering that she spoke to ATF. Angelica Cobian failed to appear for the January 26 meeting.

18.     On January 26, 2024, your affiant attempted to contact Angelica Cobian and the **Target Cell Phone** approximately seventeen (17) times. Angelica Cobian's cell phone was turned off during each attempt. On the same day, ATF SA Frank Rutter contact the **Target Cell Phone,** and a female answered identifying herself as Angelica Cobian. Upon learning it was SA Rutter contacting her, Angelica Cobian hung up the phone.

19.     Victor Cobian told Angelica Cobian that her life was in danger if she communicated with ATF. Soon after being informed that her statement to ATF was going to be released to Victor Cobian and Cristina Cole, Angelica Cobian failed to meet and communicate with ATF. There is probable cause to believe that the location information and cellphone call history described in Attachment B will lead to the identification of individuals who are engaged in witness tampering.

20.     In my training and experience, I have learned that the Service Provider is a company that provides cellular communications service to the general public. I also know that providers of cellular communications service have technical capabilities that allow them to collect and generate information about the locations of the cellular devices to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular device and, in some cases, the "sector" (i.e., faces of the towers) to which the device connected. These towers are often a half-mile or more apart, even in urban areas,

and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate general location of the cellular device.

## Cell-Site Data

21.     Based on my training and experience, I know that the Service Provider can collect cell-site data on a prospective basis about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer was connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as the Service Provider typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

22.     Based on my training and experience, I know that Verizon also can collect per-call measurement data, which Verizon also refers to as the "real-time tool" ("RTT"). RTT data estimates the approximate distance of the cellular device from a cellular tower based upon the speed with which signals travel between the device and the tower. This information can be used to estimate an approximate location range that is more precise than typical cell-site data.

## E-911 Phase II / GPS Location Data

23.     I know that some providers of cellular telephone service have technical capabilities that allow them to collect and generate E-911 Phase II data, also known as GPS data or latitude-longitude data. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating

on the device's signal using data from several of the provider's cell towers. As discussed above, cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data. Based on my training and experience, I know that the Service Provider can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on the Service Provider's network or with such other reference points as may be reasonably available.

## Pen-Trap Data

24.     Based on my training and experience, I know each cellular device has one or more unique identifiers embedded inside it. Depending on the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The unique identifiers – as transmitted from a cellular device to a cellular antenna or tower – can be recorded by pen-trap devices and indicate the identity of the cellular device making the communication without revealing the communication's content. The Target Cell Phone has a MSISDN number of 262-765-4310.

## Subscriber Information

25.     Based on my training and experience, I know that wireless providers such as the Service Provider typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless communication service. I also know that wireless providers such as the Service Provider typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular device and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the Target Cell Phone's user or users and may assist in the identification of co-conspirators and/or victims.

## AUTHORIZATION REQUEST

26.     Based on the foregoing, I request that the Court issue the proposed warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

27.     I further request that the Court direct the Service Provider to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control.

28.     I also request that the Court direct the Service Provider to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with the Service Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on the Service Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.   The

government shall reasonably compensate the Service Provider for reasonable expenses incurred in furnishing such facilities or assistance.

29.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

30.     Because the warrant will be served on the Service Provider, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

**ATTACHMENT A**

**Property to Be Searched**

1. Records and information associated with the cellular device assigned **call number 262-765-4310** (referred to herein and in Attachment B as "the Target Cell Phone"), with listed subscriber(s) **"UNKNOWN TRACFONE"** that is in the custody or control of Verizon(referred to herein and in Attachment B as the "Provider"), a wireless communications service provider that is headquartered at Bedminster, NJ.

2. The Target Cell Phone.

**Particular Things to be Seized**

**I.      Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession,

custody, or control of the Provider, including any information that has been deleted but is

still available to the Provider or that has been preserved pursuant to a request made under 18

U.S.C. § 2703(f), the Provider is required to disclose to the government the following

information pertaining to the Account listed in Attachment A:

a.   The following subscriber and historical information about the customers or subscribers associated with the Target Cell Phone for the time period **January 1, 2023, to present date.**

   i.   Names (including subscriber names, user names, and screen names);

   ii.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii. Local and long distance telephone connection records;

   iv.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v.   Length of service (including start date) and types of service utilized;

   vi.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

   vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

   viii. Means and source of payment for such service (including any credit card or bank account number) and billing records**[. OR**; and]

ix. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Target Cell Phone, including:

(A) the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

(ii) information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received) as well as per-call measurement data (also known as "real-time tool" or "RTT").

b. Information associated with each communication to and from the Target Cell Phone for a period of **30 days** from the date of this warrant, including:

i. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

ii. Source and destination telephone numbers;

iii. Date, time, and duration of communication; and

iv. All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the Target Cell Phone will connect at the beginning and end of each communication as well as per-call measurement data (also known as "real-time tool" or "RTT").

The Court has also issued an order pursuant to 18 U.S.C. § 3123, dated today, for such information associated with the Target Cell Phone.

c. Information about the location of the Target Cell Phone for a period of **30 days** during all times of day and night. "Information about the location of the Subject Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information.

i. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services,

including by initiating a signal to determine the location of the Target Cell Phone on the Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for reasonable expenses incurred in furnishing such facilities or assistance.

ii. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II.    Information to be Seized by the Government

All information described above in Section I that constitutes [evidence, fruits, contraband, and instrumentalities] of violations of 18 U.S.C. § 1512 involving Victor COBIAN and Cristina COLE January 1, 2023 to present date.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC
## RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE
## 902(11) AND 902(13)

      I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by Verizon, and my title is _____. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of Verizon. The attached records consist of _____ **[GENERALLY DESCRIBE RECORDS (pages/CDs/megabytes)]**. I further state that:

      a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of Verizon and they were made by Verizon as a regular practice; and

      b.    such records were generated by Verizon electronic process or system that produces an accurate result, to wit:

      1.    the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of Verizon in a manner to ensure that they are true duplicates of the original records; and

      2.    the process or system is regularly verified by Verizon, and at all times pertinent to the records certified here the process and system functioned properly and normally.

      I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____        _____

Date                       Signature